## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Jennette

v.

Jennette

May 25, 1971

Case No. (Chancery) 4636 (File No. 308/1969)

By JUDGE EDWARD L. RYAN, JR.

It appears that where the custody of a child is at issue, after the entry of a final decree of divorce, a court, in its discretion, may award a fee for services *to the counsel* for the former wife. *Kern* v. *Lindsey*, 182 Va. 775, 785 (1944). By logical extension, it would seem that this principle should apply to a contest over a father's petition for reduction of support moneys and a mother's cross-petition for an increase of support.

Some months prior to the last hearing one of the infant children became emancipated by marriage. The former wife did not bring this fact to the attention of the father. Apparently, the father ascertained this fact from independent sources. He surprised the court and the former wife's counsel at the hearing when same was introduced in evidence. The court reduced the support payment, but left a provision for the second and unemancipated child of the parties.

Counsel for the wife now asks for a fee for the services he rendered. He contends that his services were rendered to the child and not to the former wife; hence he is entitled to a reasonable fee.

Said counsel's contract of employment was with the former wife. Patently, he could make no such contract with the second infant, even though, admittedly, he benefited from such services.

Counsel for the father contends that the former wife did not come into court with "clean hands" and that she, and not the father, should be held responsible for the fee now requested. The court agrees, and it is so ordered.